IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES W. DETMER, )
 )
        Plaintiff, )
 )
v. ) No. 09-CV-C-4063-NKL
 )
Keith Schafer, et al., )
 )
        Defendants. )

## ORDER

    A motion to dismiss was filed on July 23, 2009, on behalf of defendants Fulton State Hospital (hereinafter "FSH"), Keith Schafer, Bryan Zolnikov and Charlene Gilmore.[1] Defendants argue that plaintiff's claims fail to state a claim on which relief may be granted under 42 U.S.C. § 1983. Plaintiff has responded in opposition.

    Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

    Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514

---

[1] Plaintiff's motion to amend his complaint to add defendants Charlene Coe-Gilmore and Bryan Zolnikov is granted, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

In the instant case, defendants argue that plaintiff's allegations cannot support his claim of denial of access to courts.

Prisoners have a constitutional right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To protect this right, prison officials must ensure prisoners have the resources needed to attack their sentences and to challenge their conditions of confinement. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). The central concern is protecting prisoners' rights to prepare petitions or complaints. Bounds, 430 U.S. at 828 n.17 (citing Wolff v. McDonnell, 418 U.S. 539, 576 (1974)). "The Constitution does not require a state to 'enable [a] prisoner to *discover* grievances, and to *litigate effectively* once in court.'" Sabers v. Delano, 100 F.3d 82, 84 (1996) (quoting Lewis v. Casey, 518 U.S. at 354).

To prevail on a claim for denial of access to the courts, a plaintiff must show he or she suffered actual injury as a result of defendants' actions. Lewis, 518 U.S. at 353. In order to satisfy the actual injury requirement, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998) (quoting Lewis v. Casey, 518 U.S. at 353). See also Entzi v. Redmann, 485 F.3d 998 (8th Cir. 2007).

Plaintiff alleges his previous case filed with this court, Detmer v. Gilmore, et al., Case No. 07-CV-4177-SOW (W.D. Mo. September 14, 2009), was dismissed because FSH does not have a law library containing legal books, such as Missouri Revised Statutes and Black's Law Dictionary. Plaintiff alleges that the on-line legal research made available at FSH, such as Findlaw, Westlaw and Lexis, are insufficient to meet the requirements of access to courts set forth by the Supreme Court.

Plaintiff made these same allegations in Detmer v. Gilmore, et al., Case No. 07-4177, of which the court found were without merit. Specifically the court found in Detmer v. Gilmore, et al., that although plaintiff alleged that FSH patients have sub-par access to legal resources and assistance programs, plaintiff conceded having access to Findlaw, Westlaw and

Lexus on-line, had used such resources, as well has had the assistance of FSH staff and several public libraries in researching his claims. The Court found that plaintiff clearly had access to some legal materials, and access to the courts. The court noted plaintiff had made in excess of one hundred filings in the case and had filed a motion for writ of mandamus with the United States Court of Appeals. Plaintiff's multiple motions seeking various relief regarding his allegations of access to courts were denied.

For the same reasons as previously set forth by the Court in <u>Detmer v. Gilmore, et al.</u>, plaintiff's claims should be dismissed for failure to state a claim. Plaintiff's preference for books to conduct his legal research, rather than the on-line legal resources offered by FSH fails to support a claim that plaintiff is being denied access to courts. At most, plaintiff's claims allege that he has been prevented from effectively litigating his claims in federal court because of the limitations in his ability to use the on-line resources offered by FSH; these allegations do not support a claim of denial of access to courts. Resources for litigating effectively once in court or multiple legal resources for researching claims are not constitutionally required. <u>Casey</u>, 518 U.S. at 354-55.

Additionally, plaintiff's allegations that he suffered actual injury in the dismissal of his previous case, <u>Detmer v. Gilmore, et al.</u>, Case No. 07-4177, is without merit. The mere fact that the case was dismissed does not support that the complaint was dismissed because defendants denied him access to courts. There can be no actual injury suffered in plaintiff's previous case, <u>Detmer v. Gilmore, et al.</u>, when the court in that case, specifically found plaintiff was not being denied access to courts and that plaintiff's allegations of denial of access to courts had no merit.

Plaintiff's allegations that he has had inadequate access to photocopiers, office supplies and stamps, also fail to state a claim of denial of access to courts. Plaintiff does not allege that he was denied all access, nor could the record in this case or his previous case, <u>Detmer v. Gilmore, et al.</u>, support such allegations when plaintiff made over 100 separate filings in his previous case and more than 30 filings already in this case.

IT IS, THEREFORE, ORDERED that plaintiff's July 12, 2009 motion to amend is granted. [12]. It is further

ORDERED that defendants' motion to dismiss is granted and plaintiff's claims alleging

denial of access to courts are dismissed for failure to state a claim on which relief can be granted. [18]. It is further

ORDERED that plaintiff's motion for appointment of counsel is denied as moot. [38] It is further

ORDERED that plaintiff's various motions seeking relief on his claims are denied. [15, 16, 17, 20, 21, 22, 24, 28, 33, 35]

Dated this 4th day of ~~December~~ January, ~~2009~~ 10, at Jefferson City, Missouri.

/s/ Nanette Laughrey
Nanette K. Laughrey
United States District Judge